ANNIE JESSIE MAXWELL *vs.* GEORGE T. SATTERFIELD.

1.  CROPS—EFFECT OF SALE—LANDLORD'S INTEREST—INCOME FROM THE FARM.
    · Where the agreement for sale of a farm rented on shares provided that "the purchaser shall be entitled to all income from the farm after the date of the deed," the corn crop cut and shocked, but not husked or divided between the landlord and tenant went to the purchaser.

2.  LANDLORD AND TENANT—RENTING ON SHARES—WHEN RENT DUE.
    Rent in kind is not due until ripe, severed and delivered.

(*March* 28, 1916.)

Judges BOYCE and CONRAD sitting.
*Daniel O. Hastings* for plaintiff.
*Martin B. Burris* for defendant.
Superior Court, New Castle County, March Term, 1916.

AMICABLE ACTION IN COVENANT, No. 119, March Term, 1914.

Action by Annie Jessie Maxwell against George T. Satterfield, purchaser of her certain farm, to recover the value of her, the landlord's share of the corn crop growing on the farm at the time of sale, but which was harvested after the sale. Heard on a case stated, the essential facts being:

*First*: That on or about the twenty-fifth day of March, A. D. 1913, the said Annie Jessie Maxwell and Jacob B. Maxwell, her husband, rented to one William K. L. Tatman, a certain farm and messuage situate in St. Georges Hundred, New Castle County and State of Delaware, for the term of one year, beginning on the twenty-fifth day of March, A. D. 1913, and ending on the twenty-fifth day of March, A. D. 1914, under an annual rental of one-half of all the grain and merchantable produce raised on said farm, each furnishing one-half of all the seed and phosphates necessary for the crops, according to the custom.

*Second:* That the said William K. L. Tatman entered the said farm, under the said letting, as the tenant therof and planted and raised, among other crops, a crop of corn.

*Third:* That on the twenty-ninth day of October, A. D. 1913, the said George T. Satterfield entered into an agreement in writ-

ing, with the said Jacob B. Maxwell as the agent of his wife, the said Annie Jessie Maxwell, for the purchase of said farm for the sum 'of fifty-four hundred dollars ($5,400.00), one hundred dollars ($100) of which was made payable upon the signing of said agreement, and the balance on or before the fourteenth day of November, A. D. 1913; upon the receipt of which, it was thereunder agreed upon the part of the said Annie Jessie Maxwell, to convey the said premises to the said George T. Satterfield, clear of all liens and incumbrances, and all taxes prorated to the day of sale, and that the said "purchaser shall be entitled to all income from the farm, after the date of the said deed"; which said agreement was executed in duplicate, one of which is hereto attached and hereby made a part of this case stated.

*Fourth:* That at the time of the making the above, recited agreement, the therein recited deed from Mary Roberts to Annie Jessie Maxwell, had not and never was delivered to the said Annie Jessie Maxwell, conveying to her the therein mentioned and described farm and messuage; but that the title to said farm and messuage still remained in the said Mary Roberts, in trust that she should convey the same to such person or persons as the said Annie Jessie Maxwell might direct.

Therefore, pursuant to the hereinabove recited agreement, the said George T. Satterfield, on the fourteenth day of November, A. D. 1913, paid the purchase money for the said farm and messuage, to the said Annie Jessie Maxwell, and received from the said Mary Roberts a deed conveying to him title thereto, in fee, without reservation of rents.

*Fifth:* That at the time of the execution and delivery of the said deed to the said George T. Satterfield, to wit, on the fourteenth day of November, A. D. 1913, the said crop of corn had fully matured, was cut and shocked in the field in the usual way, by tying together four uncut hills of corn, and shocking and tying the cut corn about them.

*Sixth:* That on or about the time of the execution and delivery of the said deed, to wit, on the fourteenth day of November, A. D. 1913, the said tenant, William K. L. Tatman, began husking the said crop of corn, and divided the same as he husked it,

putting the landlord's share in the crib designated for that purpose, and completed the said husking and dividing on or about the first day of December, A. D. 1913.

*Seventh:* That at the completion of said husking and dividing said corn, the landlord's share was ascertained to be two hundred and eighty-five and five-sixth bushels, valued at sixty-two cents per bushel, and amounting to one hundred and seventy-seven dollars and twenty-three cents, which has been paid to said defendant.

*Eighth:* That at the time of the entering into the said agreement for the sale and purchase of said farm and messuage, there was no other income accruing, or to accrue therefrom, other than the rents according to the letting as hereinabove recited.

If the court shall be of opinion that at and before the time of the execution and delivery of said deed, to wit, on the fourteenth day of November, A. D. 1913, the said rent in corn was due and then payable to the said Mary Roberts, or to Annie Jessie Maxwell, for whom she held the title to said farm and messuage, then that judgment shall be entered for the plaintiff for the sum of one hundred and seventy-seven dollars and twenty-three cents; otherwise, that judgment shall be entered for the defendant for six cents. It is agreed that the costs of suit shall be paid out of the fund.

CONRAD, J., delivering the opinion of the court:
[1, 2] The sole question involved in this case is as to who is entitled to the landlord's share of the corn crop for the year 1913. The farm was sold and title passed November 14, 1913, and the agreement of sale specified that "the purchaser shall be entitled to all income from the farm after the date of the deed." At the date of the deed the corn had been cut and shocked in the field but not divided between the landlord and tenant. The law seems to be settled in Delaware by the case of *Spicer v. Spicer*, 5 *Harr.* 106, that rent in kind is not due until ripe, severed and delivered. In the case at bar, while the corn had been cut and shocked, it had not been husked and divided nor delivered to the landlord at the date of the deed, so that the corn crop became "income

from the farm after the date of the deed" and went to the purchaser.

And now to wit, this thirty-first day of March, A. D. 1916, the foregoing case stated having come on to be heard, on briefs, filed by counsel for both parties, and the court having maturely considered the same, it is hereby ordered, adjudged and decreed by the court, that judgment be entered for the defendant, against the plaintiff for the sum of six cents, with costs of suit to be paid out of the fund as per agreement in the case stated.